DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LAWRENCE KEITH JOHNSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-1818

[February 26, 2025]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Caroline C. Shepherd, Judge; L.T. Case No. 50-2009-CF-006034-AXXX-MB.

Craig J. Trocino, Director, Miami Law Innocence Clinic, University of Miami School of Law, and Scott Gavin, Coral Gables, for appellant.

Joseph M. Wasserkrug of McDermott Will & Emery LLP, Miami, for Amicus Curiae Innocence Network and The Center for Integrity in Forensic Sciences, Inc., for appellant.

Sydney E. McDermott and Adam W. Burrowbridge of McDermott Will & Emery LLP, Washington, D.C., for appellant.

James Uthmeier, Attorney General, Tallahassee, and Melynda L. Melear, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant Lawrence Johnson appeals an order summarily denying his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. Johnson raised two claims in his motion: (1) a claim of newly discovered evidence based on the results of new DNA testing; and (2) a claim that the state committed a *Giglio*[1] violation by presenting misleading testimony at trial as to the nature of the original DNA test results.

_____

[1] *Giglio v. United States*, 405 U.S. 150 (1972).

As to the first claim, the state concedes, as it did below, that the new DNA test results constitute newly discovered evidence. The new test results are akin to a recantation of testimony; thus, an evidentiary hearing is needed to determine whether the evidence entitles Johnson to a new trial. *See Davis v. State,* 26 So. 3d 519, 526 (Fla. 2009). We therefore reverse the trial court's order as to this claim and remand for an evidentiary hearing.

As to the second claim, to the extent the trial testimony was misleading, the record shows that the issue was known to Johnson and his counsel at trial, and therefore any claim of a *Giglio* violation should have been timely raised. We therefore affirm the trial court's order as to this claim.

*Affirmed in part, reversed in part, and remanded for further proceedings.*

MAY, CIKLIN and ARTAU, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**

2